DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MEGAN BROWN** and **PERFORMANCE INSURANCE GROUP, INC.**,
Appellants,

v.

**JOSEPH REGAN** and **LIFETIME GUARANTEE ADMINISTRATORS LLC**,
Appellees.

No. 4D22-2352

[June 21, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara Anne McCarthy, Judge; L.T. Case No. CACE15017984(03).

James William Beagle of James Beagle, P.A., Fort Lauderdale, for appellants.

David A. Frankel of the Law Offices of David A. Frankel P.A., Hollywood, for appellees.

PER CURIAM.

Megan Brown and Performance Insurance Group, Inc. appeal the trial court's order granting final summary judgment in favor of Joseph Regan and Lifetime Guarantee Administrators LLC on their constructive trust claim. Applying de novo review, we reverse. *See Volusia County v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000) (standard of review for an entry of summary judgment is *de novo*).

The trial court's order did not meet the requirements of the newly amended Florida Rule of Civil Procedure 1.510, because the order only vaguely described the factual history of the underlying theft and fraud and did not recite the legal background "with enough specificity" for appellate review. *See Rkhub Logistics LLC v. E. Auto Motor Corp.*, 344 So. 3d 485, 486 (Fla. 4th DCA 2022) (quoting *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 77 (Fla. 2021)). This lack of specificity is evidenced by the order's failure to (1) specify the cause of action supporting the constructive trust remedy or (2) detail the facts that establish the four elements of a constructive trust. *Cf. Abdo v. Abdo*, 284 So. 3d 1101, 1103 (Fla. 2d DCA

2019) (quoting *Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. 2d DCA 2005)) (noting the trial court correctly identified breach of fiduciary duty as the underlying cause of action).

Reversal is further warranted because appellees' cross-motion for summary judgment was not supported by the evidence in the record. First, the evidence on which appellees relied—unauthenticated documents and testimony not based on personal knowledge—was inadmissible and, therefore, could not be used as a basis for summary judgment. Second, the evidence did not sufficiently establish a claim for a constructive trust. A moving party must prove an independent cause of action that would support a constructive trust as a remedy, such as "unjust enrichment resulting from fraud, undue influence, or breaches of fiduciary duty." *See Est. of Kester v. Rocco*, 117 So. 3d 1196, 1201 (Fla. 1st DCA 2013) (holding a constructive trust will not be available when the record does not demonstrate an underlying cause of action). A party may also establish a constructive trust as an independent cause of action by showing: "(1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust enrichment." *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022, 1025 (Fla. 4th DCA 1996). Upon review of the record evidence, appellees failed to prove the need for a constructive trust under either method. While appellees may be able to prove their claim at trial, they did not satisfy their burden on summary judgment as a matter of law.

Therefore, we reverse the order granting final summary judgment and remand for further proceedings.

*Reversed and remanded.*

KLINGENSMITH, C.J., GROSS and CIKLIN, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2